UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

| | | |
|---|---|---|
| RONNIE FRISKEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:17-056-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY J. BRACKE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Ronnie Friskey is a prisoner incarcerated at the Federal Medical Center-Lexington ("FMC-Lexington) in Lexington, Kentucky. Proceeding without an attorney, Friskey has filed a civil rights action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), alleging that Defendant Assistant United States Attorneys and law enforcement officers violated Friskey's constitutional rights in connection with his underlying criminal trial. [R. 2, 11, 13]

By separate order the Court has granted Friskey's motion to proceed without prepayment of the filing fee. [R. 23]. Thus, the Court must conduct a preliminary review of Friskey's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Friskey's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's

factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In 2016, a jury convicted Ronnie Friskey of one count of manufacturing 100 or more plants of marijuana in violation of 21 U.S.C. § 841(a)(1). *United States v. Ronnie Friskey*, 2:13-cr-012-DLB-CJS-1 (E.D. Ky. 2016). The district court sentenced him to 90 months in prison and five years of supervised release. *Id*. Friskey's sentenced was enhanced pursuant to U.S.S.G. § 2D1.1(b)(1) due to Friskey's possession of a .22-caliber rifle, as well as under § 3C1.1 of the Guidelines for obstruction of justice. *Id*. Friskey's conviction and sentence were confirmed on appeal. *United States v. Ronnie Friskey*, No. 16-6263 (6th Cir. June 20, 2017).[1]

While Friskey's criminal case was proceeding on appeal, he filed this civil rights action pursuant to *Bivens* and 42 U.S.C. § 1983 alleging that the Defendants violated Friskey's constitutional rights during his trial. [R. 2]. Friskey's allegations are a bit difficult to parse as, without seeking the Court's permission, he has since filed an Amended Complaint and a Second Amended Complaint. [R. 11, 13]. Friskey's Amended Complaint and Second Amended Complaint are identical to each other, but present entirely new claims from those presented in his original Complaint.[2] However, even if the Court overlooked Friskey's procedural errors and considered the claims set forth in both his original Complaint and First and Second Amended Complaints, as more fully explained below, Friskey's claims all challenge the validity of his underlying conviction and sentence and, accordingly, are precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994).

---

[1] The facts related to Friskey's underlying criminal conviction are more fully set forth in *United States v. Friskey*, No. 13-12-DLB-JGW, 2014 WL 6698807 (E.D. Ky. 2014) and *United States v. Friskey*, No. 16-6263, 698 Fed. Appx. 252 (6th Cir. 2017).
[2] Because Friskey's First and Second Amended Complaint bring identical claims, the Court will consider the Second Amended Complaint to be the operative pleading with respect to those claims.

-2-

In Friskey's original Complaint, he alleges that Defendants violated his constitutional rights during his criminal trial by conspiring to fabricate or tamper with evidence, engage in malicious prosecution, perpetrate prosecutorial misconduct, and support false or perjured testimony, all of which denied Friskey his due process. [R. 2]. He purports to bring these claims against the Assistant United States Attorneys who prosecuted him, as well as law enforcement officers who participated in his trial.

Friskey's claims in his Second Amended Complaint arise from the search of his residence in November 2012, during which his property was seized and which eventually led to his arrest in March 2013. Specifically, he alleges that the search warrant itself "did not categorize the property to be searched for or seized and the 'particularity' requirement under the Fourth Amendment was not met." [R. 13 at ¶ 17]. He further alleges that the items seized by the officers executing the search warrant exceeded the scope of the search warrant. [*Id*. at ¶ 17]. He also alleges that, after he returned to his home, he discovered that his residence had been "rummaged and ransacked" by the Defendants and he was unable to locate certain sentimental items. [*Id*. at ¶ 21-22]. Based on these allegations, Friskey alleges that the seizure of his property violated his constitutional and statutory rights, as the seizure was conducted without probable cause, no reasonable basis existed for the actions taken against Friskey and the scope of the search of his home was "unreasonable, intrusive, and intended to harass and harm" him and "constituted unreasonable force." [*Id*. at ¶¶ 32-38]. He purports to bring these claims against the law enforcement officers involved in the search of his property.

However, Friskey's civil claims arenot cognizable pursuant to *Heck*. Under *Heck*, to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must first prove that his "conviction or sentence has been reversed on

direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87 (footnote omitted).

Here, Friskey directly challenges the evidence and testimony introduced in his underlying criminal trial, as well as the constitutional validity of the search warrant and the execution of that warrant which led to his arrest. All of these claims directly call into question the validity of his conviction and his sentence, which was based on the property seized pursuant to the warrant and the testimony offered at trial. For example, if the Court in this case determined that the Defendants altered or fabricated evidence or testified falsely at Friskey's trial, this determination would unquestionably call the validity of his conviction and sentence into question. Similarly, if the Court found that the search of Friskey's property and the seizure of items pursuant to the warrant was wrongful, either because the warrant itself was invalid or because the officers exceeded the scope of the warrant, that decision would necessarily impugn his conviction and sentence because his conviction and sentence both rely upon evidence, i.e., firearms and personal property derived from proceeds of his drug manufacturing activities, seized during those searches.[3] Therefore, Friskey's claims in his original Complaint and Second Amended Complaint are barred under *Heck* at this time because his criminal conviction in Criminal Action No, 2:13-cv-12-DLB-CJS has not been invalidated.

Accordingly, **IT IS ORDERED** that:

---

[3] To the extent that Friskey suggests that some of the property seized during the search was not returned to him, a review of the record in his criminal case indicates that this property was forfeited pursuant to a forfeiture allegation contained in the Indictment. *United States v. Friskey*, 2:13-cr-012-DLB-CJS-1 (E.D. Ky. 2016) at R. 3, 52, 129.

1. Friskey's original Complaint, First Amended Complaint and Second Amended Complaint [R. 2, 11, 13] are **DISMISSED**, without prejudice.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This 29th day of March, 2018.

Signed By:
*William O. Bertelsman* WOB
United States District Judge