UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

| | | |
|---|---|---|
| RONNIE FRISKEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:17-056-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY J. BRACKE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on a Notice of Appeal filed by Plaintiff Ronnie Friskey [R. 35], as well as a letter to the Court in which Friskey argues that the Court erred in dismissing the complaints filed in this matter. [R. 36].

In his letter, Friskey argues that the Court mistakenly construed two civil complaints that he intended to file as separate actions together in one case. [R. 36]. Friskey explains: "I sent one Civil Complaint titled "RONNIE EUGENE FRISKEY V. ANDERSON L. MUSE et al..." AND ANOTHER on a separate and timely date titled "RONNIE EUGENE FRISKEY V. ANOTHNY J. BRACKE et al." However this Court mistakenly construed the second complaint I filed as an amended complaint of the first complaint I filed or vice versa?" [*Id.*]. The remainder of Friskey's letter states Friskey's disagreement with the Court's legal conclusions in its Order dismissing this case. [*Id.*].

This letter will be construed as a motion pursuant to Federal Rule of Civil Procedure 59(e) seeking reconsideration of the Court's dismissal of Friskey's original Complaint, First Amended Complaint and Second Amended Complaint. [R. 33]. A court may grant relief under Rule 59(e) only to (1) correct a clear error of law; (2) account for newly discovered evidence; (3)

accommodate an intervening change in controlling law; or (4) prevent a manifest injustice. *American Civil Liberties Union of Ky. v. McCreary Co., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Besser v. Sepanek*, 478 F. App'x 1001, 1001-02 (6th Cir. 2012).

Here, Friskey's motion fails to establish any ground for relief. The Court clearly explained in its Order dismissing Friskey's complaints that it considered *all* of the allegations set forth in both his original Complaint and First and Second Amended Complaints and found that *all* of Friskey's claims challenge the validity of his underlying conviction and sentence and, accordingly, are precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994). [R. 33 at p. 2-3]. Thus, even if there was a clerical error in the filing of Friskey's claims, which would have been understandable given that the claims all arose from Friskey's underlying criminal prosecution and four of the defendants were named in both of the complaints, he was not prejudiced by this error because all of his claims were considered by the Court.[1]

With respect to the remainder of Friskey's arguments, where a party simply disagrees with the district court's conclusions, the appropriate vehicle for relief is appeal, not a motion to alter or amend a judgment. *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004)(motion to alter or amend judgment is not vehicle for obtaining post-judgment re-argument on issues already decided). Because Friskey has failed to satisfy the requirements for relief under Rule 59(e), the Court will deny his motion to reconsider.

Turning to Friskey's Notice of Appeal, although he has filed a Notice of Appeal [R. 35], he has not paid the $505.00 appellate filing fee nor has he filed a motion to proceed *in forma pauperis* on appeal.

---

[1] Indeed, had Friskey's complaints been filed separately, Friskey would have been responsible for two separate filing fees.

Accordingly, **IT IS ORDERED** that:

1. Friskey's Letter to the Court [R. 36] will be construed as a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and is **DENIED**.

2. The Clerk of the Court shall send Friskey a Sixth Circuit Form 4 and a Certificate of Inmate Account [EDKY Form 523].

3. Friskey must either pay the $505.00 appellate filing fee to the Clerk of the Court <u>or</u> (1) have prison staff certify the Certificate of Inmate Account [EDKY Form 523], (2) complete the Sixth Circuit Form 4, and (3) file both of these documents with this Court (the District Court, not the Sixth Circuit Court of Appeals).

4. Friskey must take each of these steps within thirty days or the Sixth Circuit will dismiss the appeal for failure to prosecute.

5. The Clerk of the Court shall forward a copy of this Order to the Clerk of the Court of Appeals for the Sixth Circuit.

This 20th day of April, 2018.



Signed By:
<u>William O. Bertelsman</u> WOB
United States District Judge