**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 18-5383

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 15, 2018
DEBORAH S. HUNT, Clerk

RONNIE E. FRISKEY,                          )
                                            )
    Plaintiff-Appellant,                    )
                                            )
v.                                          )   ON APPEAL FROM THE UNITED
                                            )   STATES DISTRICT COURT FOR
ANTHONY J. BRACKE, et al.,                  )   THE EASTERN DISTRICT OF
                                            )   KENTUCKY
    Defendant-Appellee.                     )
                                            )
                                            )

O R D E R

Before:  GUY, STRANCH, and LARSEN, Circuit Judges.

Ronnie E. Friskey, a federal prisoner proceeding pro se, appeals the district court's judgment dismissing his civil rights action brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

In 2013, a federal grand jury indicted Friskey on one count of manufacturing 100 plants or more of marijuana, in violation of 21 U.S.C. § 841(a)(1); and one count of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Friskey's charges pertained to the discovery by law enforcement officers of 571 marijuana plants and an AK-47 assault rifle, among other things, in Friskey's home following the execution of a search warrant.  Following a trial, a jury found Friskey guilty of the drug charge but acquitted him of the firearm charge.  Friskey's presentence report assigned him an offense-level

No. 18-5383
- 2 -

enhancement for his possession of a firearm in connection with his drug offense.  *See* USSG
§ 2D1.1(b)(1).   The district court sentenced him to a 90-month term of imprisonment.   We
affirmed.  *United States v. Friskey*, 698 F. App'x 252 (6th Cir.), *cert. denied*, 138 S. Ct. 404
(2017).

While his appeal was pending, Friskey commenced the current action.  In his complaint,
Friskey alleged that several individuals conspired to misrepresent that the AK-47 rifle found in
his home was used in connection with drug activities.  Specifically, he claimed that prosecutors
and law enforcement officers removed evidence—namely, "a scope and a combination foregrip
and bipod"—that suggested that the rifle was possessed for legal purposes and that the
prosecution presented false testimony during his trial to the effect that no such evidence was
found.  He named as defendants the state and local law enforcement officials who worked on his
case—Gary Helton, Aaron Schihl, Anderson Muse, and Andrew Schierberg—as well as the
Assistant United States Attorneys who prosecuted him—Anthony Bracke and Kerry Harvey.  He
named the defendants in their individual and official capacities and alleged that they
"facbricat[ed] evidence or tamper[ed] with evidence, engaged in malicious prosecution, . . .
perpetrated prosecutorial misconduct, [and] supported false or perjured testimony."  He sought
compensatory and punitive damages.

Friskey subsequently filed a second complaint and then a duplicate copy of this second
complaint, which the district court treated as an amended complaint and a second amended
complaint, in which he alleged that the government committed misconduct while searching his
residence.  Specifically, he claimed that the government lacked a valid search warrant, seized
items from his house not covered by the warrant, and otherwise unnecessarily "rummaged and
ransacked" his home.  He named as defendants the law enforcement officials who participated in
the search, including Muse, Schihl, Helton, and Schierberg, as well as previously unnamed
defendants Jacob Piper and "Unknown Law Enforcement Officers of the Kenton County And Or
The Independence Police Department."  He named the defendants in their individual and official
capacities and alleged that they "unreasonably search[ed] and seiz[ed] items . . . and caused
damage to the private property of the Plaintiff."  He sought compensatory and punitive damages.

No. 18-5383
- 3 -

The district court dismissed Friskey's complaint and amended complaint on initial review under 28 U.S.C. §§ 1915(e)(2) and 1915(A), finding that his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because they implicated his underlying conviction and sentence. Friskey now appeals, arguing that the district court erred in finding *Heck* applicable.

We review de novo a district court's sua sponte dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *Grinter v. Knight*, 532 F.3d 567, 571-72 (6th Cir. 2008). These provisions require a district court to dismiss an action which fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *see Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

In order to state a claim upon which relief may be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that offers "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Id.* (second alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). Pro se pleadings are held to "less stringent standards" than the formal pleadings of attorneys, but "pro se plaintiffs are not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The district court properly determined that Friskey's claim in his second complaint that officers lacked a valid warrant to search his home was barred by *Heck*. In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction, or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff proceeding under § 1983 must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

No. 18-5383
- 4 -

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87; *see Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco, & Firearms*, 452 F.3d 433, 460 (6th Cir. 2006) ("*Heck*'s litigation bar applies with equal force to *Bivens* actions."). Friskey's drug conviction was based on marijuana plants seized following the execution of the warrant. *See Friskey*, 698 F. App'x at 254. Thus, Friskey's challenge to the validity of the warrant would have, if successful, implicated his drug conviction. *See, e.g.*, *Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 613–14 (6th Cir. 2014).

The district court erred, however, by determining that Friskey's claim in his amended complaint that officers used excessive force while searching his home and the claims contained in his initial complaint were barred by *Heck*. Friskey's excessive-force claim did not clearly implicate the validity of his drug convictions: an excessive-force claim concerns the reasonableness with which officers execute a warrant, *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 575-76 (6th Cir. 2016), and a finding that officers acted unreasonably in searching Friskey's home would not necessarily call into question the underlying validity of the warrant pursuant to which officers searched the home, *see Heck*, 512 U.S. at 487 n.7; *Cummings v. City of Akron*, 418 F.3d 676, 683–84 (6th Cir. 2005). Friskey's initial complaint also did not directly implicate his drug conviction. That complaint alleged essentially that the prosecution and police conspired to illegally secure a conviction on Friskey's firearm charge. But Friskey was acquitted of that charge, and a finding that the government committed misconduct with respect to that charge would not "necessarily imply the invalidity" of his drug conviction and is thus not barred by *Heck*. *See Heck*, 512 U.S. at 487 & n.7; *Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010) (noting that, to determine whether a claim is barred by *Heck*, "the court must look both to the claims raised under § 1983 and to the *specific offenses* for which the § 1983 claimant was convicted" (emphasis added) (citation omitted)). Although Friskey did receive a sentence enhancement for possessing a firearm in connection with his drug charge, *see* USSG § 2D1.1(b)(1), that enhancement was applied because of Friskey's possession of a .22-caliber

rifle, for which he was not criminally charged, rather than the AK-47 rifle that formed the basis for his firearm charge, *see Friskey*, 698 F. App'x at 257-58.

Nonetheless, even if the district court erroneously found that several of Friskey's claims were barred by *Heck*, we may affirm on any basis supported by the record. *Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002). We will therefore affirm in large part because Friskey's claims were subject to dismissal.

Friskey's claims against Assistant United States Attorneys Harvey and Bracke were subject to dismissal because Harvey and Bracke were entitled to prosecutorial immunity. Prosecutors have immunity from liability in civil actions when engaging in activities "intimately associated with the judicial phase of the criminal process," such as initiating a prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Friskey challenged Harvey and Bracke's conduct with respect to their prosecution of him—namely, their alleged engagement in malicious prosecution and the presentation of false evidence.  Accordingly, Harvey and Bracke were entitled to immunity. *See Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010).

Friskey's excessive-force claim was time-barred.  Civil rights actions arising out of Kentucky are subject to a one-year limitations period, *Bonner v. Perry*, 564 F.3d 424, 430-31 (6th Cir. 2009), with the period ordinarily commencing on the date when the plaintiff knew or had reason to know of the injury forming the basis for his action, *see Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007).  Friskey's excessive-force claim concerned a search that occurred in November 2012, *see Friskey*, 698 F. App'x at 254, and Friskey should have been aware of the essential facts underlying his claim around that time, *see, e.g.*, *Price v. Philpot*, 420 F.3d 1158, 1163 (10th Cir. 2005).  Friskey's amended complaint did indicate that he was not present during the search but also noted that he was able to assess the asserted damage to his home before being incarcerated in July 2013.  Accordingly, the limitations period for Friskey's excessive-force claim began to run, at latest, in July 2013, the latest point at which Friskey would have been aware of the alleged excessive-force incident, and elapsed one year later, in July 2014. *See Bonner*, 564 F.3d at 430-31.  Friskey did not raise his excessive-force claim until April 2017, rendering it untimely.

No. 18-5383
- 6 -

Friskey also failed to state a claim for malicious prosecution against the remaining defendants. To prevail on a malicious-prosecution claim, a plaintiff must demonstrate that: (1) "a criminal prosecution was initiated against the plaintiff and that the defendant 'ma[d]e, influence[d], or participate[d] in the decision to prosecute'"; (2) "there was a lack of probable cause for the criminal prosecution"; (3) "the plaintiff suffered a 'deprivation of liberty'" as a result of the criminal prosecution; and (4) "the criminal proceeding must have been resolved in the plaintiff's favor." *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (alterations in original) (citations omitted). Friskey failed to sufficiently allege that there was a lack of probable cause to prosecute him. For one, Friskey was tried after being indicted by a grand jury, which is ordinarily sufficient to establish the existence of probable cause. *See Webb v. United States*, 789 F.3d 647, 660 (6th Cir. 2015); *but see King v. Harwood*, 852 F.3d 568, 588-89 (6th Cir. 2017) (discussing how a plaintiff may overcome the presumption that a grand jury indictment establishes probable cause), *cert. denied*, 138 S. Ct. 640 (2018). Moreover, even accepting Friskey's contention that the defendants attempted to manipulate court proceedings, there was more than sufficient evidence to establish the existence of probable cause to prosecute Friskey. Probable cause to initiate a prosecution exists when the "facts and circumstances [are] sufficient to lead an ordinarily prudent person to believe the accused was guilty of the crime charged." *Webb*, 789 F.3d at 660 (alteration in original) (quoting *MacDermid v. Discover Fin. Servs.*, 342 F. App'x 138, 146 (6th Cir. 2009)). Following the execution of the search warrant at Friskey's home, law enforcement officers found, in addition to the AK-47 rifle that formed the basis for Friskey's firearm charge, a .22 caliber rifle, ammunition, 571 marijuana plants, equipment for cultivating marijuana, and $8015. *See Friskey*, 698 F. App'x at 254. An ordinarily prudent person could determine from this evidence that Friskey possessed the AK-47 rifle to protect a marijuana-cultivation operation and that he therefore violated § 924(c)(1). *See* 18 U.S.C. § 924(c)(1)(A).

Friskey did, however, sufficiently allege one claim in his initial complaint: a tampering-with-evidence claim against Muse. To plead a fabrication-of-evidence claim, a plaintiff must plausibly allege that "a defendant 'knowingly fabricated evidence against [a plaintiff], and [that]

No. 18-5383
- 7 -

there is a reasonable likelihood that the false evidence could have affected the judgment of the jury.'"  *Mills v. Barnard*, 869 F.3d 473, 484 (6th Cir. 2017) (alterations in original) (quoting *Stemler v. City of Florence*, 126 F.3d 856, 872 (6th Cir. 1997)).  We have previously suggested that such a claim could be sustained even if the plaintiff is acquitted at trial, as Friskey was of the § 924(c) count.  *See Stemler*, 126 F.3d at 864, 872 (suggesting that the plaintiff had a viable tampering-with-evidence claim even though she had ultimately been acquitted).[1]  Moreover, "even if independent evidence establishes probable cause against a suspect, it would still be unlawful for law-enforcement officers to fabricate evidence in order to strengthen the case against that suspect." *Webb v. United States*, 789 F.3d 647, 670 (6th Cir. 2015) (citing *Stemler,* 126 F.3d at 872).  Friskey's evidence-tampering claims against Helton, Schihl, and Schierberg were properly dismissed because his allegations were insufficient to create a reasonable inference that those three were "personally involved" in the claimed unlawful conduct.  *Burley v. Gagacki*, 729 F.3d 610, 619-20 (6th Cir. 2013).  For the foregoing reasons, we **AFFIRM IN PART** the district court's judgment and **REVERSE IN PART**. This case is remanded for further proceedings consistent with this Order.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

---

[1] Our circuit has not yet directly resolved the question of whether an acquittal extinguishes a defendant's fabrication-of-evidence claim. *Compare Black v. Montgomery Cty.*, 835 F.3d 358, 371 & n.12 (3d Cir. 2016); *Cole v. Carson*, 802 F.3d 752, 767-68 (5th Cir. 2015), *vacated on other grounds* 137 S. Ct. 497 (2016); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1328 (11th Cir. 2015); *Zahrey v. Coffey*, 221 F.3d 342 (2d Cir. 2000), *with Saunders-El v. Rohde*,778 F.3d 556, 561-62 (7th Cir. 2015); *Massey v. Ojaniit*, 759 F.3d 343, 354 (4th Cir. 2014).  Because of the preliminary posture of this appeal, we decline to do so here.